```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

JAMES M. HEYWARD,

   Plaintiff,

v.                                  Case No. 8:20-cv-572-T-33AAS

WELLS FARGO BANK, NA,
as Trustee for the WAMU
Mortgage Pass-Through
Certificates Series
2005-PR2 Trust,

   Defendant.
_____/

## **ORDER**

This matter comes before the Court pursuant to pro se Plaintiff James Heyward's Motion for Reconsideration (Doc. # 59), filed on December 12, 2020. Wells Fargo responded in opposition on December 14, 2020. (Doc. # 60). For the reasons that follow, the Motion is denied.

### I.   **Background**

James Heyward initiated this action against Wells Fargo, as trustee for the WAMU Mortgage Pass Through Certificates Series, on March 11, 2020. (Doc. # 1). Proceeding pro se, Heyward sought to have his mortgage nullified and ultimately prevent foreclosure on his property. (Id.).

On March 13, 2020, the Court entered an order that stated:

> If Plaintiff wishes to respond to a motion filed by another party in this case, the response must be timely filed. Any brief or legal memorandum in opposition to a motion must be filed within 14 days after Plaintiff is served with that motion. If a party has missed a filing deadline, that party must file a motion seeking leave of Court to file the document out of time. If a response is not timely filed, the Court may assume Plaintiff does not oppose that motion and any relief requested by it. Moreover, a response in opposition may not exceed 20 pages.

(Doc. # 5 at 7) (internal citations omitted). On that day, the Court also granted Heyward permission to electronically file documents on CM/ECF. (Doc. # 6). Since March 31, 2020, Heyward has consistently filed documents electronically on CM/ECF. (Doc. ## 8, 11, 15, 28, 29, 50, 56, 57, 59).

On July 16, 2020, Wells Fargo moved to dismiss the complaint. (Doc. # 26). Heyward failed to file a response in opposition within fourteen days. On August 7, 2020, more than one week after the deadline to respond had passed, the Court granted the motion as unopposed. (Doc. # 27). That same day, Heyward moved to reconsider, explaining he thought all deadlines had been tolled in light of the COVID-19 pandemic. (Doc. ## 28, 29). Out of a preference to decide the case on the merits, the Court allowed Heyward to respond in

2

opposition, warning him that no deadlines were tolled. (Doc. # 30). Specifically, the Court stated:

> [T]he Court takes this opportunity to be perfectly clear: the coronavirus pandemic has never tolled any of the deadlines or suspended any of the Local Rules in this matter. Moreover, the Court does not expect to toll any deadlines or suspend any Local Rules moving forward because the Court has an independent obligation, even during a pandemic, to adjudicate cases in as timely and efficient a manner as possible.

(Id.).

After reviewing Heyward's response in opposition, the Court recognized the merits of Wells Fargo's arguments and granted the motion. (Doc. # 47). The Court dismissed Heyward's complaint and granted him leave to amend. (Id.).

Heyward filed an amended complaint on October 30, 2020, (Doc. # 48), which Wells Fargo moved to dismiss on November 13, 2020. (Doc. # 52). Heyward, again, failed to respond within fourteen days. Out of an abundance of fairness, the Court waited a full week after Heyward's response was due to make its ruling. But no response was forthcoming the following Monday, November 30, 2020. Nor was a response filed on December 1st, 2nd, or 3rd. Finally, on December 4, 2020, the Court granted the motion to dismiss as unopposed. (Doc. # 55).

Once again, on the same day the Court dismissed the case, Heyward filed a response in opposition and a motion for reconsideration. (Doc. ## 56, 57). The Court denied the motion for reconsideration without prejudice for failure to comply with Local Rule 3.01(g). (Doc. # 58).

Heyward filed a second motion for reconsideration, requesting the Court reconsider its order on the motion to dismiss the amended complaint (Doc. # 55) and allow him to file his response in opposition (Doc. # 56) out of time. Wells Fargo responded in opposition (Doc. # 60), and Heyward filed a reply in further support of his Motion. (Doc. # 61). Local Rule 3.01(c) states that no party shall file any reply unless the Court grants leave. Heyward never asked the Court to file a reply, and the Court never granted such leave. Nonetheless, in the interests of fairness, the Court will consider the arguments set forth in the unauthorized reply. The Motion is thus ripe for review.

II.  **Legal Standard**

Heyward seeks relief pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), which govern motions for reconsideration. Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015).

4

Rule 59(e) states that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The rule was "adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998).

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1) Mistake, inadvertence, surprise, or excusable neglect;

2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4) The judgment is void;

5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion for relief from judgment must be made "within a reasonable time" and if predicated upon subsections 1–3, must be made within one year of the Order in question. Fed. R. Civ. P. 60(c)(1).

### III. Discussion

Heyward requests the Court vacate its previous order dismissing this case without prejudice. (Doc. # 59). Heyward explains that he miscalculated the deadline to respond and was in New Jersey going over Wells Fargo's public records. (Doc. # 57). According to Heyward, he recently found "smoking gun" evidence showing his mortgage to be void. (Doc. ## 56, 57, 59). Heyward requests the Court allow him to file his response in opposition (Doc. # 56) out of time and reconsider the motion to dismiss on the merits. (Doc. # 59).

The Court denies the Motion. Heyward was warned on March 13, 2020, that if no response to a motion was filed within fourteen days, the Court would presume the motion was unopposed. (Doc. # 5 at 7). This Court already allowed Heyward the opportunity to file one late response, after he failed to timely oppose Wells Fargo's first motion to dismiss. (Doc. ## 29, 30). When the Court granted Heyward's first motion to reconsider, it reminded him that all deadlines remained in place despite COVID-19. (Doc. # 30). Yet when Wells Fargo

filed a second motion to dismiss, Heyward again failed to respond by the deadline. The Court does not see how this second late response was the result of excusable neglect. Even if Heyward required additional time to parse public records in New Jersey because evidence was "hidden in plain sight," (Doc. # 61 at 4), Heyward does not explain why he failed to move for an extension of time by the deadline. Accordingly, the Court will not reconsider its Order on the basis of excusable neglect.

Most importantly, Heyward has not shown clear error or manifest injustice. Heyward argues in his reply that his claim is "so meritorious, [Wells Fargo] has no defense to the information [Heyward} has found." (Doc. # 61 at 5). But the Court has reviewed Heyward's response in opposition filed on December 4, 2020. (Doc. # 56). None of the arguments raised in the response warrant reconsideration of the Court's prior order dismissing the case. (Doc. # 55). A review of Heyward's filings reveals that all six counts of the amended complaint, as well as all arguments in his response in opposition, are based on a misinterpretation of Paragraph 10 of the mortgage agreement.

Specifically, Heyward claims that Paragraph 10 of the mortgage agreement "require[d]" mortgage insurance, therefore

7

said insurance proceeds paid off Heyward's mortgage in its entirety. (Doc. # 48 at 35, 39, 48-49; Doc. # 56 at 1, 26, 29). Based on the assumption that he had mortgage insurance, Heyward alleges that Wells Fargo breached Paragraph 10 of the mortgage agreement, (Doc. # 48 at 42-43, 46-49, 52), violated the implied covenant of good faith and fair dealing, (Id. at 54, 56, 58), acted with gross negligence, (Id. at 65, 66, 68), created a cloud on his title, (Id. at 72), and made fraudulent misrepresentations (Id. at 90-92). Heyward also demands an accounting, alleging that Wells Fargo "is carrying two sets of books, concealing one complete set, and on the set they disclosed, they overbilled [Heyward] more than $180,000." (Id. at 82).

But the plain language of Paragraph 10 does not "require" mortgage insurance. Paragraph 10, in relevant part, merely states: "**If** Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect." (Doc. # 1-5 at 9) (emphasis added).

Nowhere in the mortgage agreement, or in any documents attached by Heyward, does it state that Heyward's loan required insurance. In fact, Wells Fargo asserts that no mortgage insurance was required for this loan. (Doc. # 52 at

8-9). Wells Fargo also points out that there is no record of any insurance premiums ever being paid. (Id.).

Heyward himself never alleges that he paid any insurance premiums, nor that he signed up for mortgage insurance. Indeed, Heyward's only basis for the assertion that he had insurance, and that those insurance proceeds paid off his mortgage, is his interpretation of Paragraph 10. (Doc. # 48 at 35, 39, 48-49; Doc. # 56 at 1, 26, 29). A plain reading of Paragraph 10 shows that this reading is incorrect, and that mortgage insurance was neither mandatory nor guaranteed under Paragraph 10.

All six counts in the amended complaint are thus inadequately pled and would not have survived a motion to dismiss. Therefore, none of the arguments raised in Heyward's response in opposition warrant reconsideration of the Court's prior Order.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff James Heyward's Motion for Reconsideration (Doc. # 59) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of January, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE